Levine, J.
(concurring in part, dissenting in part). I agree with the majority that the courts below erred in determining that a departure from the statutory fee schedule of Judiciary Law § 474-a (2) was justified here solely on the basis of the extraordinary circumstances they found in this malpractice *611 case, without determining whether those circumstances rendered inadequate the statutory fee that would otherwise apply. I, however, would remit to Supreme Court for further proceedings, including the submission of additional proof by the respondent law firm.
The issue of what circumstances in a medical malpractice case can justify a departure from the statutory fee schedule of Judiciary Law § 474-a (as amended, L 1985, ch 294, § 15) is one of first impression for this Court. The majority articulates new criteria for making that determination, essentially that, because of extraordinary circumstances, the fee schedule is inadequate to equitably compensate counsel due, for example, to a resulting unjust hourly rate of compensation or other established loss of income or other financial detriment occasioned by the representation. This test, which I believe is appropriate, is not readily discernable from lower court precedents. Nor is it easily derived from the legislative history, which only states in relevant part that malpractice plaintiffs’ attorneys could obtain greater compensation than the schedule fees if "warranted because of the complexity or cost of the case” (Mem of Executive Dept, 1985 McKinney’s Session Laws of NY, at 3023 [emphasis supplied]).
Thus, the respondent law firm can hardly be faulted for failing to provide in its application for additional fees the factual showing required to satisfy the exacting standard newly fashioned by this Court. Moreover, it is by no means certain that respondent cannot meet that standard. Although the majority focuses solely on its calculation of the resulting hourly fee in holding no inadequacy of compensation here, plaintiff’s guardian ad litem, appointed sua sponte by Supreme Court, who made a thorough examination of the firm’s litigation files and interviewed the lawyers who handled this case, opined in his report recommending approval of the firm’s fee application that the firm spent substantially more time on the case than was recorded in its time sheets submitted to the Court. Further, the majority recognizes that, notwithstanding that application of the fee schedule results in a just hourly rate, the statutory compensation may nevertheless be deemed inadequate due to loss of other income or practice or other financial detriment resulting from counsel’s devotion of his or her time and energies to the representation. Nor has the majority unequivocally rejected, on the issue of fee inadequacy, consideration of such factors as tenuous liability and exceptional skill of counsel which have traditionally been *612 considered fee relevant in other contexts (see, Matter of Freeman, 34 NY2d 1, 9).
Although it may not ultimately succeed, I believe the respondent firm should have an opportunity to thoroughly develop and submit proof of these and other relevant facts, and perhaps even expert opinions, to support its application under the rigorous standard articulated by this Court today. Therefore, I respectfully dissent from so much of the majority’s decision that dismisses respondent’s application for additional fees, and would remit to Supreme Court for further proceedings on the firm’s application.
Chief Judge Kaye and Judges Simons, Smith and Ciparick concur with Judge Titone; Judge Levine dissents in part in a separate opinion in which Judge Bellacosa concurs.
Order reversed, etc.